## CHAMBERS et al. v. WILLIAMS.

No. 11486—Opinion Filed Nov. 27, 1923.

**Appeal and Error—Review—Variance in Replevin Action.**

In an action of replevin this court will not reverse a judgment of the trial court for variance between the description of the property in the pleading and the proof, where such variance is slight, and not misleading, in the absence of some showing that the question was called to the attention of the trial court.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Kiowa County; Thomas A. Edwards, Judge.

Action by C. H. Williams against Sam Chambers and Theo. Chambers. Judgment for plaintiff, and defendants appeal. Affirmed.

George W. Martin, for plaintiffs in error.

Opinion by RAY, C. This is an action of replevin brought by C. H. Williams against Theo Chambers and S. D. Chambers to recover one white faced red and white steer calf past one year old, the value of $40, and one motley faced red steer calf, one year old, the value of $40; each of the animals having stubby horns. Judgment was for plaintiff for the return of the steers or the value thereof fixed at $80, and the defendants appeal. The principal contention is that there was a variance between the allegations and the proof in this, that the animals were described in the affidavit of replevin as one whitefaced steer and one motley faced steer, both having stubby horns, while proof submitted at the trial was as to two motley faced steers with "staggy" horns.

. It is undisputed that Sam Chambers, one of the defendants, sold Williams a number of cattle, and among them two bull calves that had been permitted to run as such until their horns had begun to grow thick, and after they were made steers they had what was known among the witnesses as a staggy appearance. After Williams had had the steers for a few months they were missed from his pasture and they were found, as he and his witnesses contended, in Chamber's pasture. Williams brought this action of replevin and Chambers gave a redelivery bond and kept possession. Neither the brief of plaintiffs in error nor the record discloses that the defendants or either of them had other steers of a similar description. A number of cattlemen had looked at the cattle with a view to buying them before Chambers sold them to Williams and a number of witnesses testified who had had occasion to see the two steers after Williams bought them, and who identified them as being found in Chambers pasture and finally shipped out by them after the commencement of this action. The defendants testified that the two steers taken under the writ of replevin were not the two steers sold to Williams but were raised by Theo Chambers, one of the defendants, and their testimony was, to some extent, corroborated by a number of witnesses. The animals were generally described by the plaintiff and the witnesses as motley faced, long yearling steers with staggy horns. One of the plaintiff's witnesses described them as appearing to be a cross between Herefords

and Durhams. No witness referred to either one of them as white faced or having what he termed as stubby horns. Plaintiffs in error contend that the term "stubby horns," as used 'n the bill of particulars, means "horns that have been cut off leaving stubs, while staggy horns are the complete horns on a bull that has from service grown shaggy," but cite no authority to sustain that contention. It is not made to appear by plaintiff in errors' brief, or the record, that the question of variance between the description of the animals in the bill of particulars and that given by the witnesses on the stand was ever called to the attention of the trial court by motion, objection to the introduction of evidence, or otherwise. We think in the circumstances of this case, where the variance is so slight, that the judgment should not be reversed in the absence of some showing that the question had been called to the attention of the trial court.

"The general rule is, that a description which will enable the sheriff, aided by inquiries, to identify the property, will be sufficient to support the action." Wells on Replevin, section 173, page 155.

We think the verdict of the jury was amply sustained by the evidence. It is also contended that the court erred in overruling the motion for a new trial upon the ground that the verdict of the jury was for more than sued for in that it was for interest at the rate of ten per cent. from May, 1918, when the petition was filed in September, 1918, and contained no prayer for interest. It is sufficient answer to say that the judgment rendered was for interest from the date of the judgment.

Other errors were assigned in the petition in error, but not argued in the brief, and will therefore not be considered.

The judgment should be affirmed.

By the Court: It is so ordered.